IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KAREN JEAN CALDWELL,

        Plaintiff,

   vs.                                 No. CIV S-06-0607 FCD GGH PS

S.S.A.,

        Defendant.             ORDER

_____/

        Plaintiff, proceeding in this action pro se, has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 72-302(21), pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted an affidavit making the showing required by 28 U.S.C. § 1915(a)(1). Accordingly, the request to proceed in forma pauperis will be granted.

        The determination that plaintiff may proceed in forma pauperis does not complete the required inquiry. Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. A claim is frivolous if it has no arguable basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir.

1

1  1984); Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989).  A complaint, or portion thereof,

2  fails to state a claim if it appears beyond doubt there is no set of supporting facts entitling

3  plaintiff to relief.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson,

4  355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294

5  (9th Cir. 1981).  In reviewing a complaint under this standard, the court must accept as true its

6  allegations, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe it in

7  the light most favorable to plaintiff, and resolve all doubts in plaintiff's favor, Jenkins v.

8  McKeithen, 395 U.S. 411, 421 ( 1969).

9  Pro se pleadings are liberally construed.  See Haines v. Kerner, 404 U.S. 519,

10  520-21, 92 S. Ct. 594, 595-96 (1972); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th

11  Cir. 1988).  Unless it is clear that no amendment can cure the defects of a complaint, a pro se

12  plaintiff proceeding in forma pauperis is entitled to notice and an opportunity to amend before

13  dismissal.  See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987); Franklin, 745 F.2d at 1230.

14  The court cannot determine whether the complaint is frivolous or can be amended

15  to state a claim, because it does not comply with Fed. R. Civ. P. 8.[1]  Rule 8 sets forth general

16  rules of pleading for the Federal Courts.  Rule 8(a) requires complaints to include: (1) the

17  grounds upon which the court's jurisdiction rests; (2) a short and plain statement of the claim

18  showing entitlement to relief; and (3) a demand for relief.  The complaint fails to meet all of

19  these requirements.  The basis for this court's jurisdiction is unclear, the complaint is not short

20  and plain, and plaintiff has not made a demand for relief.

21  Plaintiff appears to allege that she was a victim of identity theft.  She asserts that

22  she was "falsely arrested and checks were mailed to these address [sic] listed." Compl. at 1.  She

23  wants repayment of benefits.

24  \\\\\

25

26  [1] Neither does it comply with Fed. R. Civ. P. 10, governing the form of pleadings.

Plaintiff has not listed grounds upon which the court's jurisdiction rests. A simple reference to federal law does not create subject-matter jurisdiction. Avitts v. Amoco Prod. Co., 53 F.3d 690, 694 (5th Cir.1995). Subject-matter jurisdiction is created only by pleading a cause of action within the court's original jurisdiction. Id. "It is axiomatic that the United States may not be sued without its consent and the existence of consent is a prerequisite for jurisdiction." United States v. Mitchell, 445 U.S. 535, 538 (1980); United States v. Sherwood, 312 U.S. 584, 586 (1941). A waiver of sovereign immunity cannot be implied but must be unequivocally expressed by Congress. United States v. King, 395 U.S. 1, 4 (1969).

Here, plaintiff has not even referenced the federal law upon which jurisdiction might rest, and has not articulated how the Social Security Administration has violated her rights.

The court finds the allegations in plaintiff's complaint so vague and conclusory that it is unable to determine whether the current action is frivolous or fails to state a claim for relief. The court has determined that the complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendant engaged in that support plaintiff's claim. Id. The problem is that a claim is not stated if the complaint contains only conclusory allegations, unsupported by facts. Id. See Gibson v. U.S., 781 F.2d 1334, 1340 (9th Cir. 1986). The complaint must state some facts to support each element of a claim. Moreover, to respect individual defendant's right to be notified of the allegations with which they are charged, a complaint must make clear the connections between specific allegations and individual defendants. See McHenry v. Renne, 84 F.3d 1172 (9th Cir. 1996).

The requirement of a short and plain statement means a complaint must include "sufficient allegations to put defendants fairly on notice of the claims against them." McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991). See Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct. 99,

102 (1957); <u>Richmond v. Nationwide Cassel L.P.</u>, 52 F.3d 640, 645 (7th Cir. 1995) (vague and scanty allegations fail to satisfy the notice requirement of Rule 8); 5 C. Wright & A. Miller, <u>Federal Practice and Procedure</u> § 1202 (2d ed. 1990).

Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8, the complaint must be dismissed. The court will, however, grant leave to file an amended complaint.

Plaintiff is informed the court cannot refer to prior pleadings in order to make an amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself. This is because, as a general rule, an amended complaint supersedes the original complaint. See <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967). Accordingly, once plaintiff files an amended complaint, the original no longer serves any function in the case. Therefore, "a plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint," <u>London v. Coopers & Lybrand</u>, 644 F.2d 811, 814 (9th Cir.1981), and defendants not named in an amended complaint are no longer defendants. <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1262 (9th Cir.1992).

Accordingly, IT IS ORDERED that:

1. Plaintiff's request to proceed in forma pauperis is granted; and

2. The complaint is dismissed, with leave to file an amended complaint within thirty days of this order. PLAINTIFF IS ADVISED THAT ANY FUTURE FILINGS SHOULD REFER TO THE CIVIL CASE NUMBER STAMPED ON PAGE ONE OF THIS ORDER.

DATED: 6/2/06

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH/076
Caldwell0607.amd.wpd