1

2

3

4

5

6

7

8                      IN THE UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10   KAREN JEAN CALDWELL,

11             Plaintiff,

12        vs.                              No. CIV S-06-0607 FCD GGH PS

13   S.S.A.,

14             Defendant.            FINDINGS & RECOMMENDATIONS

15   _____/

16             Plaintiff is proceeding in this action pro se and in forma pauperis pursuant to 28

17   U.S.C. § 1915.  This proceeding was referred to this court by Local Rule 72-302(21), pursuant to

18   28 U.S.C. § 636(b)(1).

19             On June 5, 2006, this court dismissed the complaint and granted plaintiff leave to

20   amend.  After receiving an extension of time, plaintiff filed a document on September 14, 2006

21   which the court construes as an amended complaint.  Plaintiff has not cured any of the

22   deficiencies outlined in this court's order.  Therefore, it is recommended that the action be

23   dismissed.  The court  will repeat its analysis set forth in the June 5th order.

24             The determination that plaintiff may proceed in forma pauperis does not complete

25   the required inquiry.  Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss the case

26   at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or

1

1   malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against

2   an immune defendant. A claim is frivolous if it has no arguable basis in law or fact. <u>Neitzke v.</u>

3   <u>Williams</u>, 490 U.S. 319, 325 (1989); <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1227-28 (9th Cir.

4   1984); <u>Jackson v. Arizona</u>, 885 F.2d 639, 640 (9th Cir. 1989).  A complaint, or portion thereof,

5   fails to state a claim if it appears beyond doubt there is no set of supporting facts entitling

6   plaintiff to relief.  <u>Hishon v. King & Spalding</u>, 467 U.S. 69, 73 (1984) (citing <u>Conley v. Gibson</u>,

7   355 U.S. 41, 45-46 (1957)); <u>Palmer v. Roosevelt Lake Log Owners Ass'n</u>, 651 F.2d 1289, 1294

8   (9th Cir. 1981).  In reviewing a complaint under this standard, the court must accept as true its

9   allegations, <u>Hospital Bldg. Co. v. Rex Hosp. Trustees</u>, 425 U.S. 738, 740 (1976), construe it in

10  the light most favorable to plaintiff, and resolve all doubts in plaintiff's favor, <u>Jenkins v.</u>

11  <u>McKeithen</u>, 395 U.S. 411, 421 ( 1969).

12        Pro se pleadings are liberally construed.  <u>See</u> <u>Haines v. Kerner</u>, 404 U.S. 519,

13  520-21, 92 S. Ct. 594, 595-96 (1972); <u>Balistreri v. Pacifica Police Dep't.</u>, 901 F.2d 696, 699 (9th

14  Cir. 1988).  Unless it is clear that no amendment can cure the defects of a complaint, a pro se

15  plaintiff proceeding in forma pauperis is entitled to notice and an opportunity to amend before

16  dismissal.  <u>See</u> <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448 (9th Cir. 1987); <u>Franklin</u>, 745 F.2d at 1230.

17        The court cannot determine whether the complaint is frivolous or can be amended

18  to state a claim, because it does not comply with Fed. R. Civ. P. 8.[1]  Rule 8 sets forth general

19  rules of pleading for the Federal Courts.  Rule 8(a) requires complaints to include: (1) the

20  grounds upon which the court's jurisdiction rests; (2) a short and plain statement of the claim

21  showing entitlement to relief; and (3) a demand for relief.  The complaint fails to meet all of

22  these requirements.  The basis for this court's jurisdiction is unclear, the complaint is not short

23  and plain, and plaintiff has not made a demand for relief.

24  \\\\\

25  _____

26        [1] Neither does it comply with Fed. R. Civ. P. 10, governing the form of pleadings.

2

1    Plaintiff appears to allege that she was a victim of identity theft.  She asserts: "I

2 was arrested before I got the check and the people had me call back for 1 check at a time.  The

3 checks were used for fake rentals at these address." Compl. at 1.  She  wants repayment of Social

4 Security benefits.

5    Plaintiff has not listed grounds upon which the court's jurisdiction rests, nor even

6 referenced the federal law upon which jurisdiction might rest, and has not articulated how the

7 Social Security Administration has violated her rights.  A simple reference to federal law does

8 not create subject-matter jurisdiction.  Avitts v. Amoco Prod. Co., 53 F.3d 690, 694 (5th

9 Cir.1995).  Subject-matter jurisdiction is created only by pleading a cause of action within the

10 court's original jurisdiction.  Id.  "It is axiomatic that the United States may not be sued without

11 its consent and the existence of consent is a prerequisite for jurisdiction." United States v.

12 Mitchell, 445 U.S. 535, 538 (1980); United States v. Sherwood, 312 U.S. 584, 586 (1941).  A

13 waiver of sovereign immunity cannot be implied but must be unequivocally expressed by

14 Congress.  United States v. King, 395 U.S. 1, 4 (1969).

15    The court finds the allegations in plaintiff's complaint so vague and conclusory

16 that it is unable to determine whether the current action is frivolous or fails to state a claim for

17 relief.  The court has determined that the complaint does not contain a short and plain statement

18 as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading

19 policy, a complaint must give fair notice and state the elements of the claim plainly and

20 succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff

21 must allege with at least some degree of particularity overt acts which defendant engaged in that

22 support plaintiff's claim.  Id.  The problem is that a claim is not stated if the complaint contains

23 only conclusory allegations, unsupported by facts.  Id.  See Gibson v. U.S., 781 F.2d 1334, 1340

24 (9th Cir. 1986).  The complaint must state some facts to support each element of a claim.

25 Moreover, to respect individual defendant's right to be notified of the allegations with which they

26 are charged, a complaint must make clear the connections between specific allegations and

1  individual defendants.  See McHenry v. Renne, 84 F.3d 1172 (9th Cir. 1996).

2          The requirement of a short and plain statement means a complaint must include

3  "sufficient allegations to put defendants fairly on notice of the claims against them."  McKeever

4  v. Block, 932 F.2d 795, 798 (9th Cir. 1991). See Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct. 99,

5  102 (1957); Richmond v. Nationwide Cassel L.P., 52 F.3d 640, 645 (7th Cir. 1995) (vague and

6  scanty allegations fail to satisfy the notice requirement of  Rule 8); 5 C. Wright & A. Miller,

7  Federal Practice and Procedure § 1202 (2d ed. 1990).  Because plaintiff has already been given

8  the opportunity to amend in order to cure the jurisdictional defects but has failed to do so, she

9  will not be given another chance.

10          For the reasons stated herein, IT IS RECOMMENDED that this action be

11  dismissed with prejudice for lack of subject matter jurisdiction.

12          These findings and recommendations are submitted to the United States District

13  Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within

14  twenty days after being served with these findings and recommendations, plaintiff may file

15  written objections with the court.  The document should be captioned "Objections to Magistrate

16  Judge's Findings and Recommendations."   Any reply to the objections shall be served and filed

17  within ten days after service of the objections.  Plaintiff is advised that failure to file objections

18  within the specified time may waive the right to appeal the District Court's order.

19  DATED: 11/7/06

20                                          /s/ Gregory G. Hollows

21                                          _____
                                           GREGORY G. HOLLOWS
                                           UNITED STATES MAGISTRATE JUDGE

22  GGH/076
    Caldwell0607.fr.wpd

23

24

25

26